# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JEFFREY PARKER,**

    **Plaintiff,**

v.                              Case No. 8:08-cv-2515-T-TBM

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

# O R D E R

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is affirmed.

## I.

Plaintiff was forty-three (43) years of age at the time of his administrative hearing in June 2008. He stands six feet, four inches tall and weighed 420 pounds. Plaintiff has a high school education, three years of turf grass maintenance, and truck driving school. His past relevant work was in lawn maintenance and landscaping and as a long-haul truck driver. Plaintiff applied for disability benefits and Supplemental Security Income payments in May 2007, alleging disability as of January 30, 2007, by reason of congestive heart failure, lower back and kidney problems, high blood pressure, high cholesterol, and problems with his knees. The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at his request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by a non-attorney representative and testified in his own behalf. In essence, Plaintiff testified that he is unable to work due to congestive heart failure, chest pains, shortness of breath, and malaise which hospitalized him in January 2007.

Plaintiff last worked in August or October of 2006 as a truck driver. He drove a flat bed truck, a dump truck, and a refrigerator box truck. His work also involved loading and unloading. Prior to that, he worked until 1997 doing lawn maintenance, landscaping, and sprinklers. He pulled weeds, trimmed shrubs, ran lawnmowers, planted, and put in sprinkler systems. The work involved a lot of standing, walking, and bending.

Although the medication he was prescribed in January 2007 definitely helped, Plaintiff was hospitalized again in May 2007 with similar problems. Once they adjusted his medication, he felt better. Plaintiff takes twelve different medications which make him tired and make him have to go to the bathroom a lot. In 2007, Plaintiff was also diagnosed with diabetes type II. The diabetes causes him to be tired and thirsty. Plaintiff has arthritis which causes him pain in his back, knees, and ankles. By his account, his back pain occurs a lot of the time and the knees and ankles bother him when he uses them too much. Plaintiff testified he weighs 420 pounds up from his normal weight of 350 to 375 pounds. There is a possibility that Plaintiff has sleep apnea although he has not been tested or treated for it. Plaintiff experiences depression which he attributes to what happened at his job as well as due to his physical problems. It affects his social life such that he does not want to socialize with anybody. He is able to drive himself to church or to the store, but otherwise he stays home

and does not want to go anywhere else.  Also, Plaintiff complains that driving any longer than five or ten miles causes him pain in his back and knees.  Plaintiff saw a mental health counselor at the health department, and Social Security sent him for a psychological evaluation.  Plaintiff denies suicidal thoughts.

As for limitations caused by his physical problems, Plaintiff testified that he can probably walk only five to ten minutes before needing to rest; he can stand unassisted ten to fifteen minutes before he starts experiencing pain in his ankles, knees, and back; and he can sit thirty to forty-five minutes before getting pains.  Plaintiff can bend down to pick something up, but it will sometimes hurt and his knees will pop.  Plaintiff does not have problems with dropping objects; his grip strength is fine so far.

As for his daily activities, Plaintiff wakes around seven o'clock, takes out the dog, then goes to the bathroom, checks his blood sugar, eats breakfast, and takes his medication.  After eating breakfast, he will watch television and end up going back to sleep through the morning.  He eats lunch between twelve and two which he can prepare, and then he will go back to sitting around.  Occasionally, he will use a riding mower and cut the lawn.  He usually stops midway to get liquids back into him because the medication he takes "runs the liquids out of [him] so quickly."  He eats dinner any time between six and ten depending on what he is doing that day.  He will prepare dinner for himself, usually heats up leftovers.  After dinner, he will lie down, watch television, and go to sleep around midnight.  Plaintiff does not sleep consistently through the night; he will get up to use the bathroom or because the pain wakes him.  On an average day from 8 to 5, Plaintiff spends three to four hours reclining, napping, or sleeping.

3

Plaintiff testified that he can dress himself for the most part except he has difficulty bending to put on his socks. He can shower, but cannot stand long as his knees start acting up. Plaintiff does not use assistive devices to walk except for an electrical cart in the grocery store. As for chores around the house, he will do a little bit of laundry, few dishes, and the cooking. Fifteen to twenty minutes is the maximum time he can spend doing any of these activities. He shops three to five times during the week and is usually able to get the groceries into a cart and then into his car. He lives with his brother who will help with unloading the groceries if he needs help. Otherwise, he will take his time bringing the bags in. As for recreational activities, Plaintiff attends church, visits with a friend every now and then, plays with his dog, watches television, and reads. Prior to his health problems, Plaintiff used to go out to the movies, go bowling, go out to eat, and he was married. The ALJ did not question the Plaintiff. (R. 19-36).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of July 18, 2008, the ALJ determined that while Plaintiff has severe impairments related to degenerative disc disease with chronic back pain, obesity, diabetes mellitus, hypertension, congestive heart failure, cardiomyopathy, and arthritis with knee pain, he nonetheless had the residual functional capacity to perform the full range of sedentary exertional work.[1] Upon this finding, the ALJ concluded that while Plaintiff could not perform

---

[1] "Sedentary work" involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job

his past work, he could perform jobs available to him in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 10-18). The Appeals Council considered Plaintiff's reasons for disagreeing with the decision and denied Plaintiff's request for review.

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

---

is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §404.1567(a). Social Security Ruling 83-10 elaborates on the definition of sedentary by providing that, "[o]ccasionally means occurring from very little up to one-third of the time," and that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." *Kelley v. Apfel*, 185 F.3d 1211, 1213 n.2 (11th Cir. 1999).

5

(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The ALJ, in part, decided the Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These Regulations apply in cases where an individual's medical condition is severe enough to prevent them from returning to their former employment, but may not be severe enough to prevent them from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education,

and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." *Id.* at Part 404, Subpt. P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. *Id.* at § 404.1569. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. *Id.* at § 404.1569a.

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

III.

On this appeal, Plaintiff urges that the ALJ failed to properly evaluate his complaints of fatigue and frequent urination utilizing the Eleventh Circuit pain standard and his obesity pursuant to Social Security Rule ("SSR") 02-1P. In particular, Plaintiff argues that while the ALJ recognized that he was obese, he failed to address how his obesity could affect his complaints of fatigue. Plaintiff also claimed difficulty sleeping at night and that fatigue was a side effect of his medications. While the ALJ explained why Plaintiff exertionally could perform sedentary work, the ALJ did not adequately address Plaintiff's non-exertional complaints of fatigue and frequent urination. Plaintiff urges reversal for a payment of benefits or alternatively a remand for the ALJ to utilize the services of a vocational expert to consider a hypothetical which incorporates these subjective complaints. (Doc. 17 at 7-8).

7

Initially, the Commissioner responds that the ALJ credited Plaintiff with obesity as a severe impairment, expressly cited to SSR 02-1P, and noted, consistent with that ruling, the contributing and aggravating effects of obesity to impairments in other body systems, such as the musculoskeletal and cardiovascular systems. Furthermore, the Commissioner urges that the mere fact that Plaintiff is obese does not establish that he had functional limitations due to his obesity and Plaintiff fails to even allege any specific limitations, corroborated by the medical evidence, that he suffers due to obesity. By his review of the medical record, Plaintiff has not been placed on any disabling restrictions by his doctors due to the obesity and he maintains a broad range of activities which support that he can perform sedentary work as determined by the ALJ.

As for Plaintiff's argument that the ALJ failed to properly evaluate his complaints of fatigue and frequent urination, the Commissioner notes that the ALJ credited Plaintiff with impairments which could give rise to his alleged symptoms such as fatigue and shortness of breath, but discounted the same to the extent that Plaintiff claimed they prevented him from all work. In support, the ALJ cited the lack of objective and clinical findings in the medical record, and that none of Plaintiff's treating physicians imposed any disabling limitations associated with Plaintiff's complaints of frequent urination and fatigue. Further, Plaintiff testified that he mows his lawn with a riding mower, cooks his own meals, goes shopping three to five times per week, completes his household chores, drives four to five times per week, and is able to ambulate without assistive devices. Thus, the Commissioner urges the ALJ's credibility finding is supported by substantial evidence. (Doc. 18 at 4-14).

Initially, I find that Plaintiff wholly fails to demonstrate his claim that the ALJ failed to fairly assess his obesity consistent with SSR 02-1P.[2] As the decision reflects, the ALJ expressly credited him with a severe impairment related to his obesity in addition to several other severe impairments. (R. 12). Citing SSR 02-1P, the ALJ also noted "the effects obesity has in causing and contributing to impairments in numerous body systems, such as the musculoskeletal and cardiovascular systems."[3] *Id*. The ALJ added, "[t]he undersigned considers that the combined effects of obesity with claimant's other impairments can be greater than the effects of each of the impairments considered separately." *Id*. In light of these express references and absent any contrary showing by the Plaintiff, and given the ALJ's express reference to Plaintiff's claim of fatigue, I decline to find that the ALJ failed to consider the contributory effect obesity could have on his claim of fatigue as such is discussed in this ruling. As the Commissioner's brief adequately demonstrates, the medical record together with the Plaintiff's relatively active lifestyle provide adequate substantial evidence for the conclusion that Plaintiff had the functional capacity for sedentary work. Plaintiff makes no effort on this appeal to demonstrate otherwise.

---

[2]Social Security Rulings are agency rulings issued to clarify regulations and policy and are binding on all components of the Administration. *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990). Such rulings are not binding on this court, however, they are accorded deference. *See Fair v. Shalala*, 37 F.3d 1466, 1469 (11th Cir. 1994); *B.B. ex. rel. A. L. B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981).

[3]SSR 02-1P cautions an ALJ to consider a claimant's obesity throughout the five step evaluation process called for by the regulations. The ruling recognizes that obesity can contribute in a number of ways to a variety of impairments. The ruling expressly recognizes that in cases involving obesity, "fatigue may affect the individual's physical and mental ability to sustain work activity." *Id*.

As for Plaintiff's complaints of fatigue and frequent urination, Plaintiff is correct that in this circuit, subjective complaints such as pain, fatigue or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Id.*; *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). If the ALJ determines not to credit subjective testimony, he must articulate explicit and adequate reasons for his decision. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). The failure of the ALJ to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir.1988); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Hale*, 831 F.2d at 1012. Proper application of the regulatory standard will satisfy this circuit's pain standard. *See Wilson v. Barnhart,* 284 F.3d 1219, 1226 (11th Cir. 2002). Here, I conclude that the ALJ fairly assessed the whole of Plaintiff's symptoms consistent with the standard and adequately discounted them upon adequate findings.

As the decision again reflects, the ALJ expressly acknowledged the "pain standard" as well as the corresponding regulatory provisions governing the assessment of symptoms. (R. 14). Pursuant to the applicable standard, the ALJ acknowledged that Plaintiff had medically determinable impairments which could reasonably be expected to produce the alleged symptoms although not the extent claimed. (R. 15). Included in the symptoms claimed by Plaintiff and expressly recognized by the ALJ were the need to urinate often (R. 14) and fatigue (R.15). Despite these express references, Plaintiff complains that these symptoms were not adequately assessed and discounted by the ALJ.[4] Again, I disagree. When the decision is read as a whole, the ALJ provided adequate reasons to conclude that the subjective complaints would not prevent Plaintiff from doing sedentary work.

In connection with Plaintiff's claims of fatigue and shortness of breath, the decision also reflects that the ALJ expressly cited to objective and clinical evidence, as well as the opinion testimony from his doctors concerning his heart and diabetes as reasons for finding the claims less than fully credible. Plaintiff does not address these conclusions which appear supported by the cited records. Although the ALJ did not expressly discount the need for frequent urination, as noted above, Plaintiff did not claim such condition left him disabled. In any event, the decision reflects consideration of the complaint and the medical record, the opinion testimony, and Plaintiff's testimony concerning his relatively active lifestyle. To the

---

[4] It is worth noting that apart from claiming that his medications prompted the need to urinate frequently, neither Plaintiff nor his representative made a claim or demonstrated that such rendered him disabled from all work. On this appeal, apart from pointing out the subjective complaint, he again makes no showing quantifying the complaint or demonstrating that it could effect his ability to do sedentary work.

11

extent Plaintiff claimed his pain and other symptoms left him disabled from even sedentary work, the claim was overstated. (R. 15-17). As set forth above, the ALJ may discount the subjective evidence on adequate and explicit findings. The conclusions by this ALJ here are far from boilerplate and by my consideration adequately explicit to satisfy the "pain standard." Furthermore, I find the conclusions supported by substantial evidence. As Plaintiff offers nothing to the contrary, the decision is appropriately affirmed.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 12th day of March 2010.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record